IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**LORI ANDREWS and**
**JEREMY ANDREWS, her husband,**

*and*

**CRYSTAL ROSETTA,**
    **Plaintiffs,**

*vs*.              **Civil Action No.: 5:06CV112**
                 **(Chief Judge Keeley)**

**UNITED PARCEL SERVICE, INC.,**

*and*

**JEFFREY W. LITTLE,**
    **Defendants.**

## ORDER/OPINION

On August 9, 2007, Defendants filed a Motion to Compel Rule 35 Examination [Docket Entry 55]. On August 23, 2007, Plaintiffs filed their Response in Opposition to Defendants' Motion to Compel Rule 35 Examination [Docket Entry 61]. On September 4, 2007, Defendants filed their Reply in support of their Motion to Compel [Docket Entry 69].

On August 28, 2007, Defendants filed a Motion for Extension of Expert Deadline [Docket Entry 64].

On August 31, 2007, Plaintiffs filed their "Motion to Quash the Unilaterally Scheduled Depositions of Justin Holms, Amy Vasilakis, and Terry Hulls, and for Protective Order" [Docket Entry 67]. On September 5, 2007, Defendants filed their Response in Opposition to Plaintiffs' Motion to Quash [Docket Entry 71].

On September 5, 2007, the parties filed a Joint Motion to Continue Discovery Cutoff and Extend Time to Conduct Court-Ordered Mediation [Docket Entry 70].

On September 6, 2007, came Plaintiffs Lori Andrews, Jeremy Andrews, and Crystal Roberts by counsel, Chad C. Groome; Defendants United Parcel Service, Inc. and Jeffrey W. Little by counsel Marshal M. Pitchford and Robert L. Massie; and Motorists Mutual Insurance Company by counsel Jason P. Pockl, for hearing on the above motions.

## Motion to Compel (Psychiatric) IME

On August 2, 2007, Defendants informed counsel for Plaintiffs that they had scheduled Plaintiff Lori Andrews for a psychiatric/psychological examination before Dr. Lawson F. Bernstein, M.D., P.C. to be conducted on August 10, 2007 (Defendant's Exhibit C). On August 7, 2007, counsel for Plaintiffs responded that the request for a mental examination was rejected as "clearly unnecessary, solely intended to harass and/or annoy her, and no good cause exists for the same." (Exhibit D). Defendants then filed the present motion.

Fed. R. Civ. P. 35 provides:

> When the mental or physical condition . . . of a party or of a person in the custody or under the legal control of a party, is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a suitably licensed or certified examiner or to produce for examination the person in the party's custody or legal control. The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to me made.

Plaintiffs argue that Defendants have not met their burden of showing good cause for the mental examination; that the notice does not properly advise Plaintiff of the scope of the examination; and that the examination as noticed exceeds the proper scope of a mental examination to the extent that it requests a second physical examination with mental examination elements.

Defendants argue that they have shown good cause for the mental examination in that Plaintiff testified during her deposition that she had and continues to have mental health injuries as a result of the accident. One of Plaintiff's doctors also opined that Plaintiff suffered from Post

Traumatic Stress Disorder ("PTSD") as a result of the accident and felt "it would be extremely helpful for her to have adjunct physician to help treat her for some of these 'posttraumatic type episodes.'"

Defendants further argue that Plaintiff had been involved in a previous motor vehicle accident, and was treated for depression and anxiety prior to the accident that forms the basis for this case.

Plaintiffs further argue that Defendants can obtain the information they seek through Plaintiffs' medical records and through deposition of her physicians.

Upon consideration of all which, the Court finds as follows:

1. Plaintiff Lori Andrews was involved in a motor vehicle accident.
2. Plaintiff filed the current civil Complaint alleging physical injuries with psychological components due to the motor vehicle accident.
3. The psychological symptoms alleged are supported by both medical records and Plaintiff's deposition testimony.
4. During Plaintiff's deposition in July 2007, she exhibited several incidents of crying, and testified she had flashbacks, rigidness from fear while driving, and sleep deprivation.
5. These symptoms are confirmed at least in part by Plaintiff's doctors' reports.
6. Prior medical records reveal that Plaintiff was treated for depression three years before the accident at issue. She was treated with Zoloft. Her doctor at that time noted crying spells. She continued treatment through November 2004, continuing to take Zoloft.
6. Plaintiff was involved in another motor vehicle accident in April 2005, which is presently in litigation. Plaintiff claims personal injuries from that accident also.
7. Plaintiff's treating physician from April 2005, diagnosed Plaintiff with anxiety and

depression in August 2005, prior to the motor vehicle accident at issue in this case.

8. Defendants had Plaintiff's medical records available to them as of May 2007.

9. The request for an IME was made shortly following Plaintiff's deposition in late July or early August.

10. The undersigned does not find the timing issue in this matter significant because it was prudent to await Plaintiff's deposition testimony before deciding to seek and IME.

11. The Court is prepared to adjust some deadlines in this case in order to move the case along toward resolution.

Upon consideration of all which, the Court concludes that Defendants have shown good cause for the Court to order Defendant to submit to an independent mental examination. The Court further finds that the scope of the examination as noticed is sufficient under Rule 35, and also that the examination as detailed in the letter to Plaintiff's counsel does not exceed the scope necessary. The examination may involve some physical component due to the fact that Plaintiff's own physicians are unsure how much, if any, of her physical condition is due to emotional or mental conditions, and vice versa.

Defendants' Motion to Compel IME [Docket Entry 55] is **GRANTED**. The parties shall have until 4:00 p.m. September 13, 2007, to schedule the IME, which shall take place by October 5, 2007.

Defendants' Motion for Extension of Expert Deadline [Docket Entry 64] is **GRANTED** only as to the report of Dr. Bernstein. Said report will be due to counsel for Defendants by October 10, 2007.

Plaintiffs' Motion to Quash Depositions [Docket Entry 67] is **GRANTED** only insofar as the unilaterally scheduled dates and times for those depositions. The parties shall have until

September 13, 2007, at 4:00 p.m. to schedule the requested depositions. Counsel for Plaintiffs is directed to contact the Court on or before September 13, 2007, at 4:00 p.m. to notify the Court whether there is any need for further proceedings. If unable to agree on dates, times, and/or locations for the depositions, in whole or in part, counsel for Plaintiff is further directed to establish a conference call with Defendant and the Court on September 14, 2007, at 12:00 noon. At that time counsel will have with them their and their witness' calendars/schedules, and the Court will set dates, times, and locations for the depositions to take place.

The parties' Joint Motion to Extend the Discovery and Mediation Cutoff [Docket Entry 70] is **GRANTED IN PART**. The Court extends the discovery cutoff date to October 15, 2007. All depositions are to be completed by this date. Objections to any experts are to be filed on or before October 20, 2007. Responses to any such objections shall be filed on or before October 25. <u>Daubert</u> hearings, if any, remain on October 29, 2007, as scheduled by the District Judge. Dispositive Motions Deadlines, the Final Pretrial Conference date, and the Trial date remain as scheduled by the District Judge. The Court extends the deadline to conduct mediation to February 8, 2007.

It is so **ORDERED**.

The Clerk is directed to provide a copy of this Order to counsel of record.

DATED: September 6, 2007.

/s *John S. Kaull*

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE